Voightman & Company for use of Watson Solar Window Company, Defendant in Error, v. Guaranty Construction Company and E. F. Hamm, Plaintiffs in Error.

Gen. No. 20,034.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. RUFUS T. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed December 22, 1914.

Statement of the Case.

The Watson Solar Window Company commenced an action against the Guaranty Construction Company, a corporation, and E. F. Hamm to recover the sum of $686 for certain art metal doors furnished in accordance with a contract made by and between the Construction Company and the Watson Company, by Voightman & Company, its selling agents. The action was based on section 28 of the Mechanics' Liens Act of 1903, (J. & A. ¶ 7166), authorizing suits against the owner and contractor jointly. Subsequently the records, papers and proceedings were amended on motion of the plaintiff, so as to read "Voightman & Company for use of Watson Solar

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Window Company." The defendant Hamm denied knowing by whom the doors were installed, or of the relation between Voightman & Company and the Watson Company, and denied service of a mechanic's lien notice as required by law, and the Construction Company also denied its liability. The case was tried before the court without a jury, and the issues being found in favor of the plaintiff, its damages were assessed at $714.82, the full amount of the claim with interest. It was also found that the plaintiff was a subcontractor and entitled to a lien upon the premises, and judgment being entered on such findings, the defendants brought error.

ADAMS, CREWS, BOBB & WESCOTT, for plaintiffs in error.

BELL & CROSS, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. MECHANICS' LIENS, § 1*—*what is nature of lien.* A mechanic's lien is in derogation of the common law, is opposed to common right and cannot be given except when authorized by the provision of a statute strictly construed.

2. MECHANICS' LIENS, § 207*—*when joint judgment authorized.* Under section 28 of the Mechanics' Liens Act of 1903, (J. & A. ¶ 7166), the trial court may enter a joint judgment against the owner and contractor if the subcontractor establishes its right to a lien on the premises, and such section authorizes a suit against the owner and contractor jointly if money is due the subcontractor and is not paid within ten days after its notice was served as provided in sections 5, 24, 25, 27, (J. & A. ¶¶ 7143, 7162, 7163, 7165).

3. MECHANICS' LIENS, § 207*—*what must be shown to authorize joint judgment.* Where the evidence failed to show that a subcontractor served a notice of lien on the owner as required by section 24 of the Mechanics' Liens Act (J. & A. ¶ 7162), within sixty

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

124     APPELLATE COURTS OF ILLINOIS.

Photo Cines Co. v. American Film Mfg. Co., 190 Ill. App. 124.

days after completion of its contract, or that such owner dispensed with the necessity of notice, or that the contract was in fact completed, or that the owner was indebted to the original contractor when a notice was given, or that the suit was commenced within four months after final payment was due the subcontractor, the court was not authorized to enter a judgment against the owner and contractor for materials furnished and establishing a lien therefor, under section 28 of the Mechanics' Liens Act, (J. & A. ¶ 7166).

4. APPEAL AND ERROR, § 909*—*what must be included in transcript.* The Appellate Court cannot take judicial notice of rules of the Municipal Court not incorporated in the transcript.